EDP:AA/IC/JRS
F. #2022R00230

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

DAVID MCCANN, also known as "Gwap" and
    "Guoap,"
███████████████████████████████████
███████
RAYMOND MINAYA, also known as "Tooth"
    and "Blam," and
CALVIN TABRON, also known as "CJ,"

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Filed Under Seal
File Date: January 6, 2023
Case Number: 23-cr-00008
Judge William F. Kuntz, II
Magistrate Judge Marcia M. Henry

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§ 371, 922(g)(1),
922(k), 924(a)(1)(B), 924(a)(2),
924(d)(1), 933(a)(3), 933(b), 934(a)(1),
2 and 3551 et seq.; T. 21, U.S.C.,
§§ 841(b)(1)(C), 841(b)(1)(B)(vi), 846,
853(a) and 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(Firearms Trafficking Conspiracy)

1.    In or about and between January 2022 and August 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DAVID MCCANN, also known as "Gwap" and "Guoap," ████████████████ ████████████████████ RAYMOND MINAYA, also known as "Tooth" and "Blam," and CALVIN TABRON, also known as "CJ," together with others, did knowingly conspire and agree (a) to ship, transport, transfer, cause to be transported, and otherwise dispose of one or more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony; and (b) receive from

another person one or more firearms, in and affecting interstate or foreign commerce, knowing or having reasonable cause to believe that such receipt would constitute a felony; contrary to Title 18, United States Code, Sections 933(a)(1) and 933(a)(2).

(Title 18, United States Code, Sections 933(a)(3), 933(b) and 3551 et seq.)

## COUNT TWO
(Firearms Trafficking Conspiracy)

2. In or about and between January 2022 and August 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DAVID MCCANN, also known as "Gwap" and "Guoap," ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ RAYMOND MINAYA, also known as "Tooth" and "Blam," and CALVIN TABRON, also known as "CJ," together with others, did knowingly and willfully conspire to engage in the business of dealing in firearms without being licensed importers, licensed manufacturers or licensed dealers, and in the course of such business, to ship, transport and receive one or more firearms in interstate and foreign commerce, contrary to Title 18, United States Code, Section 922(a)(1)(A).

3. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants DAVID MCCANN, ▮▮▮▮ ▮▮▮▮, RAYMOND MINAYA and CALVIN TABRON, together with others, committed and caused to be committed, among others, the following:

## OVERT ACTS

(a) On or about January 7, 2022, MCCANN introduced an undercover law enforcement officer (the "UC") to ▮▮▮▮ over video chat, and ▮▮▮▮ offered to sell the UC firearms that ▮▮▮▮ would traffic from Virginia to New York.

(b) On or about May 24, 2022, MCCANN and ▮ engaged in a telephone conversation.

(c) On or about May 29, 2022, MCCANN and MINAYA engaged in a telephone conversation.

(d) On or about June 1, 2022, ▮ and TABRON engaged in a telephone conversation.

(e) On or about June 7, 2022, MCCANN and the UC engaged in a telephone conversation.

(f) On or about June 7, 2022, MCCANN sent the UC via text message a photograph of a firearm.

(g) On or about June 7, 2022, MCCANN, ▮ MINAYA and TABRON sold firearms to the UC in Brooklyn, New York.

(h) On or about August 2, 2022, MINAYA sold a firearm to the UC in Brooklyn, New York.

(i) On or about August 2, 2022, MCCANN, ▮ and TABRON sold firearms to the UC in Brooklyn, New York.

(j) On or about August 11, 2022, MCCANN and MINAYA engaged in a telephone conversation.

(k) On or about August 11, 2022, MCCANN, ▮ and TABRON sold firearms to the UC in Brooklyn, New York.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT THREE
(Felon in Possession of Firearms)

4. On or about June 15, 2022, within the Eastern District of New York and elsewhere, the defendant ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ knowing that he had previously been convicted in court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce five firearms, to wit: (1) a Phoenix Arms HP22A .22 long rifle caliber semi-automatic pistol bearing serial number 4486310; (2) a Phoenix Arms HP22A .22 long rifle caliber semi-automatic pistol bearing serial number 4576233; (3) a Hi-Point Firearms C9 9mm caliber semi-automatic pistol bearing serial number P10099233; (4) a Glock 29 Gen 4 10mm auto caliber semi-automatic pistol bearing serial number BTHW699; and (5) a Taurus G2C .40 S&W caliber semi-automatic pistol bearing serial number ABB289606.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT FOUR
(Possession of a Defaced Firearm)

5. On or about June 22, 2022, within the Eastern District of New York and elsewhere, the defendant RAYMOND MINAYA, also known as "Tooth" and "Blam," did knowingly and intentionally possess a firearm, to wit: a Glock 30 .45 caliber semi-automatic pistol, knowing that such firearm had the manufacturer's serial number removed, obliterated and altered, and which firearm had been shipped and transported in interstate commerce.

(Title 18, United States Code, Sections 922(k), 924(a)(1)(B) and 3551 et seq.)

## COUNT FIVE
(Felon in Possession of a Firearm)

6. On or about July 19, 2022, within the Eastern District of New York and elsewhere, the defendant RAYMOND MINAYA, also known as "Tooth" and "Blam," knowing that he had previously been convicted in court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a Glock 43 9mm caliber semi-automatic pistol bearing serial number AFNK996.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT SIX
(Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base)

7. In or about and between January 2022 and July 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DAVID MCCANN, also known as "Gwap" and "Guoap," and RAYMOND MINAYA, also known as "Tooth" and "Blam," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine base, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(C); Title 18, United States Code, Sections 3551 et seq.)

## COUNT SEVEN
(Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl)

8. In or about and between January 2022 and July 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant DAVID MCCANN, also known as "Gwap" and "Guoap," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a mixture or substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1). The amount of fentanyl involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was 40 grams or more of a substance containing fentanyl.

(Title 21, United States Code, Sections 846 and 841(b)(1)(B)(vi); Title 18, United States Code, Sections 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

9. The United States hereby gives notice to the defendants charged in Count One, that upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 924(d) and 934(a)(1), which requires the forfeiture of: (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses; (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses; (c) any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 933 or any other criminal law of the United States.

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

7

      (b)      has been transferred or sold to, or deposited with, a third party;

      (c)      has been placed beyond the jurisdiction of the court;

      (d)      has been substantially diminished in value; or

      (e)      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d)(1) and 934(a)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO THROUGH FIVE

11. The United States hereby gives notice to the defendants charged in Counts Two through Five that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924.

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      (a)      cannot be located upon the exercise of due diligence;

      (b)      has been transferred or sold to, or deposited with, a third party;

      (c)      has been placed beyond the jurisdiction of the court;

8

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

  (Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS SIX AND SEVEN

  13. The United States hereby gives notice to the defendants charged in Counts Six and Seven, that upon their conviction of either offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offenses; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

  14. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the court;

  (d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

███████████████
FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK